CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 15 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN FARABEE, | ) | Civil Action No. 7:10-cv-00008 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| GENE JOHNSON, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

This matter is before the court upon plaintiff Brian Farabee's motion for a preliminary injunction. Farabee, a Virginia state inmate housed at Marion Correctional Treatment Center, requests that this court issue a order directing the defendants to transfer him to the forensic unit at Central State Hospital.[1] Farabee's request is based on his beliefs that he is unlawfully committed to the Virginia Department of Corrections and that he does not receive the "same legal rights, treatment, and care" at the prison as he would in the non-prison psychiatric hospital. The court finds no basis for granting preliminary injunctive relief and, therefore, denies Farabee's motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Resources Defense Council, Inc.,

---

[1] Central State Hospital, a facility operated by the Virginia Department of Mental Health, Mental Retardation and Substance Abuse Services, provides mental health care and treatment to forensic and civilly committed patients. See Central State Hospital, http://www.csh.dbhds.virginia.gov/default.htm.

\_\_ U.S. \_\_, 129 S. Ct. 365, 374-376, 172 L. Ed. 2d 249 (2008).[2]

To justify an injunction before trial on the merits, it is incumbent upon the plaintiff to make a clear showing that he is likely to succeed at trial on the merits and that he is likely to suffer irreparable harm in the absence of the preliminary injunction. Id. at 374-76. The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991).

In this case, Farabee has not met his burden under Winter. He does not make a "clear showing" that his claims will succeed on its merits[3] nor does he allege any actual and imminent

---

[2] The court notes that the Fourth Circuit's previously-established balance-of-hardships test set out in Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), is no longer applicable. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342 (4th Cir. 2009) ("Because of its differences with the Winter test, the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit . . . .")

[3] The crux of Farabee's complaint is that he is improperly held in prison as opposed to a non-prison mental health treatment facility. In 1999, the Williamsburg/James City County Circuit Court found Farabee not guilty by reason of insanity of an arson charge and ordered him committed to a state mental hospital. While at a state mental hospital, Farabee was charged with malicious wounding of hospital staff in the Sussex County Circuit Court. In 2004, he was found guilty of this offense and sentenced to ten years incarceration. As a prisoner, Farabee has been housed, at various times throughout his incarceration, in Marion Correctional Treatment Center ("MCTC"), a mental health hospital within the Virginia Department of Corrections. It appears that Farabee believes his conviction in the Sussex County Circuit Court is unlawful because of the Williamsburg Court's finding off not guilty by reason of insanity five years earlier. The court notes that Farabee raised similar claims in Civil Action No. 7:09cv00513, which this court previously conditionally filed and is currently awaiting a response from Farabee. To the extent Farabee is attempting to challenge his judgment of conviction in the Sussex County Circuit Court, such claims must be raised in a petition for writ of habeas corpus. To the extent plaintiff is attempting to challenge the court order that has caused him to be confined at MCTC for mental health treatment, he must also raise those claim in a habeas corpus proceeding and must exhaust his claims in state court before seeking relief from a federal court. To the extent his allegations can be construed as claims involving the adequacy of the treatment he is receiving at MCTC, his living conditions, or due process violations, the court will conditionally file this action by separate order to obtain more information from Farabee.

irreparable harm[4]. Further, the plaintiff does not show that the equities tip in his favor or that an injunction is in the public interest. Accordingly, it is hereby

**ORDERED**

that Farabee's motion for a preliminary injunction shall be and hereby is **DENIED** without prejudice to a renewed motion.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and Order to plaintiff.

ENTER: This 15th of January, 2010.

United States District Judge

---

[4] Plaintiff alleges that he "suffers from mental and emotional illness that requires therapy and treatment in a psychiatric hospital" and that "prison does not provide [him] adequate treatment, therapy, and /or care sufficient to prevent petitioner's physical harm and possible suicide." Farabee has been convicted and is currently housed in a mental health hospital within the VDOC. He has not pointed to anything that would demonstrate that this mental health facility is less capable of treating him than another facility.